HUGH WARD, Plaintiff, *against* EDWARD J. HOGAN,
Defendant.

[SPECIAL TERM.]

(Decided November 20th, 1882.)

An agreement by a physician, in consideration of the purchase from him
of a drug store and prescription business, to send all prescriptions of his
practice to the purchaser to be filled, is not unlawful.

In an action for breach of such agreement, an allegation in the complaint
that "defendant has failed, neglected and refused to send the prescrip-
tions of his said practice to said plaintiff as agreed," is a sufficient
allegation of the breach.

TRIAL upon demurrer to complaint.

The action was brought to recover damages for the
breach by the defendant of an agreement with plaintiff.
The complaint alleged that defendant was a practicing
physician and owned a drug store and business and pre-
scription business in the City of New York; that "in con-
sideration of said plaintiff purchasing said store and business
and prescription business, said defendant agreed and cov-
enanted with said plaintiff that he, said defendant, would
send thereafter all prescriptions of his practice in the City
of New York to said plaintiff, to be filled," &c.; it also al-
leged plaintiff's readiness and willingness to perform the
agreement on his part, and that defendant "failed, neglected
and refused to send the prescriptions of his said practice to
said plaintiff as agreed," &c., to the damage of plaintiff. To
this complaint defendant demurred.

*T. V. Christopher*, for plaintiff.

*J. C. Julius Langbein*, for defendant.

J. F. DALY, J.—There was nothing unlawful in making
the agreement set forth in the complaint, by which the de-

fendant, a physician and surgeon, promised to send all his prescriptions to be filled by plaintiff, as a consideration for the purchase by the latter of the drug store and the drug and prescription business of defendant carried on at the place specified in the pleading. A physician may with propriety advise or direct his patients to have his prescriptions made up at a particular druggist's, and may with equal propriety agree with a druggist who, on the faith of that promise, buys out his shop, as in this case, to give such advice and direction to his patients.

The difficulty in an action for damages for the breach of such a contract might arise in the attempt to show that defendant was responsible for the failure of his patients to patronize plaintiff, for the patient may take his prescription to a druggist of his own selection notwithstanding the recommendation of his physician. But that is a difficulty of proof, not of pleading. To make defendant liable it must be alleged and proved that he has neglected and refused to recommend the plaintiff's shop to persons for whom he has prescribed; this complaint alleges substantially the same thing, viz., that " defendant has failed, neglected and refused to send the prescriptions of his said practice to said plaintiff as agreed by said defendant." The breach is alleged in substantially the same words as the promise, and that is a good allegation. The necessary implication from it is that defendant had patients to whom he gave prescriptions, but willfully or negligently omitted to recommend or direct them to go to plaintiff to have the prescriptions put up. The allegation of breach is therefore sufficient (*Shenck* v. *Naylor*, 2 Duer 678).

Judgment on demurrer for plaintiff, with costs. Leave to answer on payment of costs as of judgment on issue of law.

Order accordingly.